# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**BOXED DESIGN LTD.,**

Plaintiff,

v.

**Yiwu Yanyu Trading Co., Ltd., Dongguan Jinbaolai Rubber And Plastic Hardware Products Co., Ltd., Dongguan Heitaoyi Rubber & Plastic Products Co., Ltd., Dongguan Shihuang Household Industrial Co., Ltd., Guangzhou Domonic Co.,ltd., Henan Flower Dance Co., Ltd., Friend Gifts Manufactory, Yiwu Hengli Network Technology Co., Ltd., Jinhua Hengyang Cross Border Trade Co., Ltd., Jiaxing Mike Household Products Co., Ltd., Shenzhen Jyc Technology Ltd., Kangde Silicone Co., Ltd., Yangjiang Keyhome Industry & Trade Co., Ltd., Shenzhen K&T Technology Co., Ltd, Shenzhen Mantimelong Electronic Co., Ltd., Market Union Co., Ltd., Ningguo Sj Plastic Industry Co., Ltd., Zhejiang Smartpan Cookware Co., Ltd., Ningbo Sunrise Goods Import&export Co., Ltd., Shenzhen Fuyuan Gift Ltd., Shenzhen Taihexin Silicone Products Co., Ltd., Jiangmen TW Industry Co., Ltd., Huizhou Umyidea Silicone Rubber Ware Co., Ltd., LE CHARME VIETNAM COMPANY LIMITED, Ningbo Broadseal Import & Export Co., Ltd., Zhejiang Chuju Daily Necessities Co., Ltd., Xiamen Yidexin Silicone Rubber Industrial Co., Ltd., Dongguan Yiyang Technology co.,ltd, Yiwu Fengqing Toy Co., Ltd., Yiwu**

**SEALED**

Civil Action No.

1

Hengli Network Technology Co., Ltd., Yiwu Ziming Commodity Co., Ltd., Dongguan Qicai Electronic Technology Co., Ltd., Dongguan Zhengwei Silicone Technology Co., Ltd., Cozing House Decoration Store, Japan life Store, Hassle A6 Store, xiao9A Store, Shop1102251428 Store, AA Home Department Store Store, More Money Than God Store, Lucker kitchen Store, Love Moon 2022 Store, Cxbfg GuiGui Decorated Store Store, Shop1104550014 Store, Shop1104554019 Store, Shop1104653939 Store, Shop1104782186 Store, Shop1104930371 Store, Shop1105051941 Store, Lishengch, Yunplsad-US, Whoinkitchen Food Co., Ltd, LIXUNLIAN, Cinny, nicedaily, Ljming, hafanpp, XUZHANGLIN, 佳汇, Teatal370, ochun, Sinoor, JeoGrove, Oceanside warehouse, Yanxite, JUN TIAN, XuanwaiShop, Vijayli us, Ting Yun Trading, LIruopiao, ArborGlow, Yuehuse, Orfatya, zongjunwangluo, Wannhui, Vinnier bm, KnowStore, qiaomaimai shopping, AIHHENSWANG, Dargleo, Magwen226, Seinada, Hurmers, Comborte, Juyuaer, suzhouji, BININGPEISHANGMAO, SHIDOW, Unisemnn, Pengqianju, xjinwalo, Qianzhen-US, mieasot-US, zhongxiangzhilian, ENGHZSUN, SilkRoadSupply, Funiquee, sococo, Julianne-US, yayadestore, Latina.u, Balonta, Juyanven-US, Wongsington, Graetion, Kimiss 24k, Suntair, Ninyier, TomatoDoll, Dylander, Merjunt, Yuejun2022, Rockyee, Zwenyn, Zhenqunyi, kisuin, nusind, Lihenge, Chophin-US, Junjuanshop, Nineyean, Letaerr, Exlinxun-US, Haedaxua-US, Yoeuan, QoolDeal, jiaqianjushi, taifa-fff, LSJYUN, CHICIRIS,

Lianyunn, Glokerr, XXVINRICAI, It's What I Want, YAFANTING, Deelair, haoye maoyi, Xiayixue, Vertigo eu, Jibingstore, Befruitful, ZergStore, Lozakom, Goolily, Bvlltings, FenYangShiSanDianLianCaiShangMaoYouXianGongSi, Jiemaitte, A-yixian, YZ Mall-US, BestShopSolution, Likeets, LiangCangJiWu, Ceavo, Xiaong, NanAnShiYiNingYiMaoYiShangHang, ApexGood, Zuiminq, alison20-1, anita1232, aqmall009, asim278, beautiful1001, beautiful1004, beautiful1016, besttrade360, cherry1025, colorsgooddeal, crymeaskin, e4world005, e5color3, e5color6, e9model2, e9model3, ecolifebestter, eldoraerns17, flower2sandi, igirl001, imaxcity1004, inam-95, injoys5, jack44258, jiumy1009, lilac1188, longsheng001, longsheng002, melecircle, mengyur, s1made2, sichang01, sunflower2106, sunflower2212, ting4534, tripation, wenjing010, xctrading2, xctrading20, xctrading27, xctrading39, xctrading40, xctrading48, yandonsfo, yumenk, Shenzhen Yongbosheng Electronic Technology, Molooco, UNICUN, chiufud, Beijiao, AKDHJBF, hongdaxin, AnnalaSorokata2hotmail.com, JDMNDH, cgqgdq, DFHASNSD, HSJHDGV, KSJDFBDJU, GalaxyQOO, Congo Basin, Cozy House Mates, Gadgets Euphoria, Massagio, SeedSunSoil, DaSilo, Elevation, Lilyrhyme, Show letter daily, Assign a red dress, Awesome Selection - Yu jia Factory, Funlive, SilentShop, asan goods, UAMTqaXJIf, kaixina, Bohe tanbian, Gangup home, guozexi, JVSONG, WHYWHYHHH, Wing Chi home furnishings, Abundunt World, Baikang Home Furnishings, YJXjin, Big Cheap

shop, Ka Ying Furniture, AUXTUR BM, Cheap Shopping Malls, RonLai, SakerTool BM, GKone, SYAGDUAUDI, Camel supermarket, Cooling Shopping, LIYUE SEVEN, XIHONGSHIE, HudingJSF, Xixi Yi, Thetopsale local, YTA Apparel Shop, LJhgyv, WXWXWXshop, WKWshop, WZZZshop, JBBBshop, WuShen one, PPB T, xingqingyu, ARNG, Hushalo, Pivot Pantry, SDCXAWERF, WKWWWWW, WFHWFH, Nwger, River willow, AOTUO SHOP, Cattles Jewelry, Good Happy Jewelry, ZippyHome, The leaves of spring are tender green, RICH J, Happy shoppingss, An egg tart, NC Shoping, A Y Z, B Y Z, Fengmai mainland nine, D S Ninetyninth Shop, Haoduoyuyu, Maibaole shop, bibaodan, Achi Four Local, Fan two Local, hym local, Jiudianyuan, Jiushimeng shop, NordStream local, JiahaooShop, HaoojiaShop, Lets explore together, WuzhenShop, ZhenwuShop, Woaibaodan, Fan Forteen Local, TACIYV, WT boutique, FBJTVP, YZZZYYW, YYYZE, Taste it later a local b, MeiHuaA Boutique, Feng Thirtyfive Local, Feng thirtysix Local, HongTaoJ Boutique, AMAZING NICE, CQ GLASSES, Xixi B, Two goals sudden wealth three, NICE TREE TREE, C Y Z, B Little Orange, G Big red watermelon, Six onee, Eight twoo, ANDJG, Cihang home management, Kiplyki, LBLOE Living, RnemiTe-amo, VerPetridure, Dengmore Glow & Gather, LiZeus Official, hongshengcheng, Jacenvly Store, Wovilon, Weimeigou, LinLinHOME, Vitdipy, Jinshisheng, CUITING Co. Ltd, Zhaensshaii, ZhaoH, chibishidayindianzishangwu, NM Home Finds, Fuweikai Technology, QI XIANG,

CRISP STORE, guowendianzi, ihong, and
zhangrui19860403

                    Defendants.

# COMPLAINT

Plaintiff Boxed Design Ltd. ("Plaintiff") hereby files its Complaint against the

defendants identified below ("Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1)      This is an action for copyright infringement in violation of 17 U.S.C. §

504, seeking damages, injunctive relief, and other remedies provided by law.

## THE PARTIES

2)      Plaintiff Boxed Design Ltd. is a Private Limited Company, based in the

United Kingdom.

3)      On information and belief, Defendants Yiwu Yanyu Trading Co., Ltd.,

Dongguan Jinbaolai Rubber And Plastic Hardware Products Co., Ltd., Dongguan

Heitaoyi Rubber & Plastic Products Co., Ltd., Dongguan Shihuang Household

Industrial Co., Ltd., Guangzhou Domonic Co.,ltd., Henan Flower Dance Co., Ltd.,

Friend Gifts Manufactory, Yiwu Hengli Network Technology Co., Ltd., Jinhua

Hengyang Cross Border Trade Co., Ltd., Jiaxing Mike Household Products Co.,

Ltd., Shenzhen Jyc Technology Ltd., Kangde Silicone Co., Ltd., Yangjiang

Keyhome Industry & Trade Co., Ltd., Shenzhen K&T Technology Co., Ltd,

Shenzhen Mantimelong Electronic Co., Ltd., Market Union Co., Ltd., Ningguo Sj

Plastic Industry Co., Ltd., Zhejiang Smartpan Cookware Co., Ltd., Ningbo Sunrise Goods Import&export Co., Ltd., Shenzhen Fuyuan Gift Ltd., Shenzhen Taihexin Silicone Products Co., Ltd., Jiangmen TW Industry Co., Ltd., Huizhou Umyidea Silicone Rubber Ware Co., Ltd., LE CHARME VIETNAM COMPANY LIMITED, Ningbo Broadseal Import & Export Co., Ltd., Zhejiang Chuju Daily Necessities Co., Ltd., Xiamen Yidexin Silicone Rubber Industrial Co., Ltd., Dongguan Yiyang Technology co.,ltd, Yiwu Fengqing Toy Co., Ltd., Yiwu Hengli Network Technology Co., Ltd., Yiwu Ziming Commodity Co., Ltd., Dongguan Qicai Electronic Technology Co., Ltd., Dongguan Zhengwei Silicone Technology Co., Ltd., Cozing House Decoration Store, Japan life Store, Hassle A6 Store, xiao9A Store, Shop1102251428 Store, AA Home Department Store Store, More Money Than God Store, Lucker kitchen Store, Love Moon 2022 Store, Cxbfg GuiGui Decorated Store Store, Shop1104550014 Store, Shop1104554019 Store, Shop1104653939 Store, Shop1104782186 Store, Shop1104930371 Store, Shop1105051941 Store, Lishengch, Yunplsad-US, Whoinkitchen Food Co., Ltd, LIXUNLIAN, Cinny, nicedaily, Ljming, hafanpp, XUZHANGLIN, 佳汇,

Teatal370, ochun, Sinoor, JeoGrove, Oceanside warehouse, Yanxite, JUN TIAN, XuanwaiShop, Vijayli us, Ting Yun Trading, LIruopiao, ArborGlow, Yuehuse, Orfatya, zongjunwangluo, Wannhui, Vinnier bm, KnowStore, qiaomaimai shopping, AIHHENSWANG, Dargleo, Magwen226, Seinada, Hurmers, Comborte,

Juyuaer, suzhouji, BININGPEISHANGMAO, SHIDOW, Unisemnn, Pengqianju, xjinwalo, Qianzhen-US, mieasot-US, zhongxiangzhilian, ENGHZSUN, SilkRoadSupply, Funiquee, sococo, Julianne-US, yayadestore, Latina.u, Balonta, Juyanven-US, Wongsington, Graetion, Kimiss 24k, Suntair, Ninyier, TomatoDoll, Dylander, Merjunt, Yuejun2022, Rockyee, Zwenyn, Zhenqunyi, kisuin, nusind, Lihenge, Chophin-US, Junjuanshop, Nineyean, Letaerr, Exlinxun-US, Haedaxua-US, Yoeuan, QoolDeal, jiaqianjushi, taifa-fff, LSJYUN, CHICIRIS, Lianyunn, Glokerr, XXVINRICAI, It's What I Want, YAFANTING, Deelair, haoye maoyi, Xiayixue, Vertigo eu, Jibingstore, Befruitful, ZergStore, Lozakom, Goolily, Bvlltings, FenYangShiSanDianLianCaiShangMaoYouXianGongSi, Jiemaitte, A-yixian, YZ Mall-US, BestShopSolution, Likeets, LiangCangJiWu, Ceavo, Xiaong, NanAnShiYiNingYiMaoYiShangHang, ApexGood, Zuiminq, alison20-1, anita1232, aqmall009, asim278, beautiful1001, beautiful1004, beautiful1016, besttrade360, cherry1025, colorsgooddeal, crymeaskin, e4world005, e5color3, e5color6, e9model2, e9model3, ecolifebestter, eldoraerns17, flower2sandi, igirl001, imaxcity1004, inam-95, injoys5, jack44258, jiumy1009, lilac1188, longsheng001, longsheng002, melecircle, mengyur, s1made2, sichang01, sunflower2106, sunflower2212, ting4534, tripation, wenjing010, xctrading2, xctrading20, xctrading27, xctrading39, xctrading40, xctrading48, yandonsfo, yumenk, Shenzhen Yongbosheng Electronic Technology, Molooco, UNICUN, chiufud, Beijiao,

AKDHJBF, hongdaxin, AnnalaSorokata2hotmail.com, JDMNDH, cgqgdq, DFHASNSD, HSJHDGV, KSJDFBDJU, GalaxyQOO, Congo Basin, Cozy House Mates, Gadgets Euphoria, Massagio, SeedSunSoil, DaSilo, Elevation, Lilyrhyme, Show letter daily, Assign a red dress, Awesome Selection - Yu jia Factory, Funlive, SilentShop, asan goods, UAMTqaXJIf, kaixina, Bohe tanbian, Gangup home, guozexi, JVSONG, WHYWHYHHH, Wing Chi home furnishings, Abundunt World, Baikang Home Furnishings, YJXjin, Big Cheap shop, Ka Ying Furniture, AUXTUR BM, Cheap Shopping Malls, RonLai, SakerTool BM, GKone, SYAGDUAUDI, Camel supermarket, Cooling Shopping, LIYUE SEVEN, XIHONGSHIE, HudingJSF, Xixi Yi, Thetopsale local, YTA Apparel Shop, LJhgyv, WXWXWXshop, WKWshop, WZZZshop, JBBBshop, WuShen one, PPB T, xingqingyu, ARNG, Hushalo, Pivot Pantry, SDCXAWERF, WKWWWWW, WFHWFH, Nwger, River willow, AOTUO SHOP, Cattles Jewelry, Good Happy Jewelry, ZippyHome, The leaves of spring are tender green, RICH J, Happy shoppingss, An egg tart, NC Shoping, A Y Z, B Y Z, Fengmai mainland nine, D S Ninetyninth Shop, Haoduoyuyu, Maibaole shop, bibaodan, Achi Four Local, Fan two Local, hym local, Jiudianyuan, Jiushimeng shop, NordStream local, JiahaooShop, HaoojiaShop, Lets explore together, WuzhenShop, ZhenwuShop, Woaibaodan, Fan Forteen Local, TACIYV, WT boutique, FBJTVP, YZZYYW, YYYZE, Taste it later a local b, MeiHuaA Boutique, Feng Thirtyfive Local, Feng

thirtysix Local, HongTaoJ Boutique, AMAZING NICE, CQ GLASSES, Xixi B, Two goals sudden wealth three, NICE TREE TREE, C Y Z, B Little Orange, G Big red watermelon, Six onee, Eight twoo, ANDJG, Cihang home management, Kiplyki, LBLOE Living, RnemiTe-amo, VerPetridure, Dengmore Glow & Gather, LiZeus Official, hongshengcheng, Jacenvly Store, Wovilon, Weimeigou, LinLinHOME, Vitdipy, Jinshisheng, CUITING Co. Ltd, Zhaensshaii, ZhaoH, chibishidayindianzishangwu, NM Home Finds, Fuweikai Technology, QI XIANG, CRISP STORE, guowendianzi, ihong, and  zhangrui19860403 ("Defendants") are non-U.S. entities, associations, or individuals, believed to be located in China or elsewhere overseas, each of whom sells, offers for sale, distributes, and/or advertises counterfeit goods through its virtual storefronts on various e-commerce marketplaces, such as Alibaba, AliExpress, Amazon, eBay, Fruugo, Shein, Shopify, Temu, Walmart, and Wish (each a "Marketplace" and collectively, the "Marketplaces").

4)      Each Defendant is known to Plaintiff only by its unique Marketplace name and ID number.

## JURISDICTION AND VENUE

5)      This Court has original and exclusive subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 101, *et seq.*, 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.

6)    This Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2) because, on information and belief, no Defendant is subject to the jurisdiction of any state's court of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and Laws.

7)    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because a substantial part of the property that is the subject of the action is situated in this District, and/or because the Defendants are subject to personal jurisdiction in this District, and/or because Defendants do not reside in the United States and, therefore, may be sued in any judicial district.

## **RELEVANT FACTS**

8)    Plaintiff is the creator, manufacturer, and seller of SIFTR, a food- and dishwasher-safe silicone micro colander designed for straining and draining canned food (the "SIFTR"). The SIFTR is a versatile tool, with its best uses being juicing citrus fruits, opening jars, using it as an herb-infuser, and more. Plaintiff has a global presence, with primary sales regions including the United States and United Kingdom.

9)    The SIFTR Products have become enormously popular and even iconic, driven by Plaintiff's exacting quality standards and innovative design. Among the purchasing public, genuine SIFTR Products are instantly recognizable as such. In

the United States and around the world, the Boxed Design brand has come to symbolize high quality, and the SIFTR Products are among the most recognizable straining apparatuses in the United States. Genuine and authentic SIFTR Products are offered and sold by Plaintiff directly through Plaintiff's website[1] and authorized retail channels.[2]

10)    Plaintiff has invested substantial time, resources, and money in creating and building Plaintiff's valuable video and photographic portfolio. Plaintiff's videos and pictures are original, creative works in which Plaintiff owns protectable copyright interests. Plaintiff is also the owner of valid and subsisting U.S. copyright registrations, Reg. Nos. PAu 4-271-902 and VA 2-457-627 (the "SIFTR Works"), issued by the United States Copyright Office in August 2025. True and correct copies of the U.S. Registration Certificates for the above-listed copyrights and copies of the corresponding copyrighted works are attached hereto as **Exhibit 1**.

11)    The SIFTR Works, created by Plaintiff in 2020, is wholly original and created through Plaintiff's independent creative efforts, and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in the SIFTR Works.

---

[1] https://siftr.store/
[2] The Company has listings for SIFTR on Amazon and QVC in the USA and UK.

12)     Since first publication, Plaintiff has continuously and extensively used the SIFTR Works in connection with advertising and demonstrating the SIFTR Products.  Plaintiff's products and the accompanying copyrighted work have been the subject of substantial and continuous marketing and promotion by Plaintiff throughout the United States, leading to successful sales and recognition of the SIFTR Products.

13)     The SIFTR Works are of significant value to Plaintiff because of the marketing, sales, and recognition benefits Plaintiff receives from the SIFTR Works' exploitation.

14)     Upon information and belief, Defendants have, and continue to, infringe Plaintiff's SIFTR Works after the effective date of the copyright registrations.

15)     Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the SIFTR Works to the public. Plaintiff has never granted authorization to Defendants to use Plaintiff's SIFTR Works to advertise, market, or promote unauthorized goods.

16)     The success of Plaintiff's brand has resulted in significant infringement and copying of the SIFTR Works.

17)    Upon information and belief, Defendants are individuals and entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions.

18)    Defendants conduct business throughout the United States, including within the State of Georgia and in this District, through the operation of fully interactive commercial websites or Internet stores ("Defendant Internet Stores") in various online commercial marketplaces, such as Alibaba, AliExpress, Amazon, eBay, Fruugo, Shein, Shopify, Temu, Walmart, and Wish (each a "Marketplace" and collectively the "Marketplaces").

19)    In doing so, each Defendant targets the United States, including Georgia, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit and infringing products to consumers within the United States, including Georgia and this District. The counterfeit products are not SIFTR Products of Plaintiff. Plaintiff did not manufacture, inspect, or package the counterfeit products and did not approve the counterfeit products for sale or distribution

20)     Specifically, Defendants have offered to sell and, upon information and belief, have sold counterfeit products to consumers with Plaintiff's SIFTR Works. *See* **Exhibit 2**.[3]

21)     As shown by comparing **Exhibit 2** to the SIFTR Works, Defendants' uses of the copyrighted material in offering of goods and infringing products are either identical to the SIFTR Works or constitute unauthorized derivative works.

22)     Upon information and belief, Defendants create numerous Defendant Internet Stores and design these stores to appear to be selling genuine SIFTR Products by unlawfully using SIFTR Works, while they actually sell inferior imitations of Plaintiff's SIFTR Products.  Defendant Internet Stores share unique identifiers, such as common design elements, the same or similar counterfeit products that they offer for sale, similar counterfeit product descriptions, the same or substantially similar shopping cart platforms, accepted payment methods, check-out methods, lack of contact information, and identically or similarly priced counterfeit products and volume sale discounts.  As such, the Defendant Internet Stores establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same transaction or occurrence.

---

[3] Exhibit 2 contains screenshot evidence showing that Defendants' online storefronts offered the infringing products for sale.

23)     Upon information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the seller aliases shown in **Exhibit 3**[4], and Plaintiff has reason to believe additional aliases exist but are not yet known to Plaintiff.  The tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Plaintiff to learn the precise scope and the exact interworking of their infringing network.  If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

24)     Defendants go to great lengths to conceal their identities by using multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores.  Other Defendant domain names often use privacy services that conceal the owners' identity and contact information.

25)     Defendants have targeted sales to residents of the United States through setting up and operating e-commerce stores that target United States consumers using one or more Seller aliases, offering shipping to the United States, accepting payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, selling knockoff and infringing products to residents of the United States.

---

[4] Exhibit 3 lists Defendant's identifying information (Merchant Name, Merchant ID, Product ID).

26)    Defendants facilitate sales by designing the e-commerce stores operating under the seller aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers.    E-commerce stores operating under the seller aliases look sophisticated and accept payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards, Amazon Pay, and/or PayPal.  E-commerce stores operating under the seller aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer.

27)    Infringers, such as Defendants here, are typically in communication with each other.  They regularly participate in QQ.com chat rooms and also communicate through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

28)    Infringers, such as Defendants here, maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of U.S. courts to avoid payment of any monetary judgment awarded. Upon information and belief, offshore counterfeiters regularly move funds from U.S.-based financial accounts to offshore accounts outside the jurisdiction of U.S. courts.

29)     Plaintiff has never licensed, authorized, or otherwise permitted Defendants to copy or redistribute the SIFTR Works, and none of the Defendants are authorized retailers of genuine SIFTR Products.

30)     Upon information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of the SIFTR Works, including its exclusive right to use and license such intellectual property and their associated goodwill.

31)     Defendants' use of the SIFTR Works to advertise their infringing products has and will continue to cause confusion among purchasers and potential purchasers.

32)     Defendants are causing harm to Plaintiff's goodwill and reputation because the effect of their unlawful actions taken together amplifies each harm and creates a single negative consumer impression.  Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences.  The combination of all Defendants engaging in the same illegal activity in the same time span causes collective harm to Plaintiff in a way that individual actions, occurring alone, might not.

33)     Defendants, without authorization or license from Plaintiff, past and continued knowing and willful use of the SIFTR Works in connection with the

advertisement, offer for sale, and sale of the infringing products, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

34)    Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling infringing products that infringe upon the SIFTR Works unless preliminarily and permanently enjoined.

## COUNT I

## COPYRIGHT INFRINGEMENT  (17 U.S.C. § 501(a))

35)    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 34.

36)    Plaintiff's SIFTR Works have significant value and has been produced and created at considerable expense.  Plaintiff is the owner of the SIFTR Works, which has been registered with the U.S. Copyright Office.  *See* **Exhibit 1**.  The SIFTR Works constitutes original work and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq.*

37)    Plaintiff, at all relevant times, has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including, but not limited to, Plaintiff's SIFTR Works, including derivative works.

38)    Upon information and belief, Defendants had access to the SIFTR Works through Plaintiff's normal business activities.  The SIFTR Works is published

on the internet and available to Defendants online. After accessing Plaintiff's SIFTR Works, Defendants wrongfully created copies and derivative works of Plaintiff's SIFTR Works without Plaintiff's consent and engaged in acts of widespread infringement through publishing and distributing the SIFTR Works via websites and online marketplaces in connection with the marketing and selling of their knockoff products. *See* **Exhibit 2**.

39)    Plaintiff is informed and believes and thereon alleges that Defendants further infringed Plaintiff's SIFTR Works by making or causing to be made derivative works from Plaintiff's SIFTR Works by producing and distributing reproductions without Plaintiff's permission. *Id.*

40)    Defendants, without the permission or consent of Plaintiff, have published online infringing derivative works of Plaintiff's SIFTR Works.

41)    Defendants have violated Plaintiff's exclusive rights of reproduction and distribution.

42)    Defendants' actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act, 17 U.S.C. § 101, *et seq*.

43)    Further, as direct result of the acts of copyright infringement, Defendants have obtained direct and indirect profits they would not have otherwise realized but for their infringement of Plaintiff's SIFTR Works. Plaintiff is entitled

to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of Plaintiff's SIFTR Works.

44)    The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts, and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

45)    As a result of Defendants' infringement of Plaintiff's exclusive rights under its copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and 17 U.S.C. §§ 106(1)-(3), (5), and to recovery of its costs and attorneys' fees pursuant to 17 U.S.C. § 505.

46)    Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

47)    Further, Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502-503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyright and ordering that Defendants destroy all unauthorized copies.  Defendants' copies, digital files, and other embodiments of Plaintiff's SIFTR Works from which copies can be reproduced should be impounded and forfeited to Plaintiff as instruments of

infringement, and all knockoff copies created by Defendants should be impounded and forfeited to Plaintiff, under 17 U.S.C. § 503.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A.     That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

       i.     Using the SIFTR Works or any reproductions, copies, or colorable imitations thereof in any manner with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized SIFTR Product or is not authorized by Plaintiff to be sold in connection with the SIFTR Works;

       ii.     Reproducing, distributing copies of, making derivative works of, or publicly displaying the SIFTR Works in any manner without the express authorization of Plaintiff;

       iii.     Passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under SIFTR Works;

iv.    Further infringing SIFTR Works and damaging Plaintiff's goodwill;

v.    Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use SIFTR Works, and which are derived from Plaintiff's copyrights in SIFTR Works; and

vi.    Using, linking to, transferring, selling, exercising control over or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyrights in SIFTR Works.

B.    Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as: Alibaba, AliExpress, Amazon, eBay, Fruugo, Shein, Shopify, Temu, Walmart, and Wish; payment processors such as: PayPal, Stripe, Payoneer, and LianLian; social media platforms such as: Facebook, Instagram, Snapchat, TikTok, YouTube, LinkedIn, and Twitter; Internet search engines such as Google, Bing, and Yahoo; webhosts for the Defendants Domain Names; and domain name

registrars, that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of knockoff products using the Plaintiff's copyright; shall:

       i.     Disable and cease displaying any advertisements used by or associated with Defendants engage in the sale of products not authorized by Plaintiff which reproduce SIFTR Works or are derived from SIFTR Works, including any accounts associated with Defendants;

       ii.     Disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which are derived from SIFTR Works; and

       iii.     Take all steps necessary to prevent links to the Defendant accounts from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index; and

C.     For Judgment in favor of Plaintiff against Defendants that they have:

       i.     Willfully infringed Plaintiff's rights in its federally registered copyrights pursuant to 17 U.S.C. § 501; and

       ii.     Otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

D.      For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be determined at trial;

E.      In the alternative, that Plaintiff be awarded statutory damages pursuant to 17 U.S.C. § 504(c) of $150,000 per work per infringement for each and every use of the Plaintiff's copyrighted works;

F.      That Plaintiff be awarded its reasonable attorney's fees and expenses; and

G.      That Plaintiff be awarded any and all other relief that this Court deems equitable and just.


Dated: December 19, 2025                    Respectfully submitted,

                                            **FLENER IP LAW LLC**

                                            */s/ James E. Judge*
                                            Zareefa B. Flener (IL Bar No. 6281397),
                                            *pro hac vice application forthcoming*
                                            James E. Judge (IL Bar No. 6243206), *pro*
                                            *hac vice application forthcoming*
                                            Ying Chen (IL Bar No. 6346961), *pro hac*
                                            *vice application forthcoming*
                                            77 W. Washington St., Ste. 800
                                            Chicago, IL 60602
                                            (312) 724-8874
                                            jjudge@fleneriplaw.com

                                            **WARGO FRENCH & SINGER, LLP**

_/s/ Taylor E. Pernini_
TAYLOR E. PERNINI
Georgia Bar No. 835142
1175 Peachtree Street, Suite 1650
Atlanta, Georgia 30361
(404) 853-1500 (Telephone)
(404) 853-1501 (Facsimile)
tpernini@wfslaw.com


_Counsel for Plaintiff_

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to L.R. 5.1(C) and 7.1(D) of the Northern District of Georgia, that the foregoing motion complies with the font and point selections approved by the Court in L.R. 5.1(C).  The foregoing motion was prepared on a computer using 14-point Times New Roman font.

*/s/Taylor E. Pernini*
TAYLOR E. PERNINI

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 19, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

*/s/Taylor E. Pernini*
TAYLOR E. PERNINI